# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA, | No. 2:17-CV-2479-JAM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| E. HOROWITZ, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On December 20, 2018, this Court issued a screening order (ECF No. 14) finding Petitioner pleaded sufficient facts for his claim against Defendant E. Horowitz to proceed past screening and providing Plaintiff leave to amend as to his claims against the other named Defendants. Plaintiff was informed if no amended complaint was filed the Court will issue findings and recommendations that the defective claims be dismissed and separately order the service of his complaint to Defendant E. Horowitz. Plaintiff has not filed an amended complaint, as such this Court recommends Plaintiffs claims against Defendants Joe A. Lizarraga, Medical Receiver, and C.C. Healthcare Services be dismissed. By separate order, the court will direct plaintiff to submit documents necessary for service of process on defendant E. Horowitz.

///

///

1

# I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges Defendants violated his Eighth Amendment right against cruel and unusual punishment by denying him proper medical treatment and delaying further medical treatment. Plaintiff's claims seem to arise out of a series of injuries and medical conditions, including a heart condition, stomach condition, and concussion. Plaintiff's complaint appears to frame two claims: (1) Plaintiff asserts Dr. E. Horowitz was deliberately indifferent to Plaintiff's medical needs by discharging him from the hospital, placing him in a holding cell for four to five hours, where Plaintiff had to lay on a concrete floor with a concussed head and without pain killers or medical help. Plaintiff further contends that he had a seizure on July 4, 2014, and Dr. Horowitz was deliberately indifferent to his medical needs by directing the nurse to keep him in his cell until Dr. Horowitz returned two days later. Further, Plaintiff charges that (2) Dr. E. Horowitz denied him access to a cane or walker for three years and has declined to further treat Plaintiff for the past three years. Plaintiff contends this delay and denial of treatment constitutes deliberate indifference to his serious medical needs. Plaintiff alleges no facts related to Defendants Joe A. Lizarraga, Medical Receiver, or C.C. Healthcare Services.

# II. ANALYSIS

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,

3

90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that each named defendant violated his Eighth Amendment right against cruel and unusual punishment. However, there are no factual allegations that indicate Defendants Joe A. Lizarraga, Medical Receiver, or C.C. Healthcare Services were involved in the alleged violations. In fact, the only location in the complaint where these Defendants are mentioned is in the caption on the first page. A plaintiff must plead that each government official defendant through the official's own individual actions, violated the constitution, and Plaintiff has not done so here in relation to these three Defendants. For that reason, the claims in relation to Defendants Joe A. Lizarraga, Medical Receiver, or C.C. Healthcare Services cannot proceed. Though the complaint boarders on conclusory and contains limited factual assertions, this court finds that there are sufficient facts in the complaint for Plaintiff's claims related to Defendant Dr. E. Horowitz to proceed past screening.

### III. CONCLUSION

Base on the foregoing the undersigned recommends Plaintiffs claims against Defendants Joe A. Lizarraga, Medical Receiver, and C.C. Healthcare Services be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 15, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE