1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ETUATE SEKONA,                               No.  2:17-CV-2479-JAM-DMC-P

12                  Plaintiff,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14   E. HOROWITZ,

15                  Defendant.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the Court is defendant's motion to dismiss (ECF No. 26).

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1
2
3
4
5
6

**BACKGROUND**

Plaintiff is an inmate within the California Department of Corrections and Rehabilitation (CDCR) system. This action proceeds on plaintiff's civil rights complaint[1], submitted on November 20, 2017. See ECF No. 1. Plaintiff's complaint contains two separate claims of medical indifference against defendant Horowitz. In its May 15, 2019, findings and recommendations, the Court summarizes plaintiff's allegations as follows:

> Plaintiff alleges Defendant[] violated his Eighth Amendment right against cruel and unusual punishment by denying him proper medical treatment and delaying further medical treatment. Plaintiff's claims seem to arise out of a series of injuries and medical conditions, including a heart condition, stomach condition, and concussion. Plaintiff's complaint appears to frame two claims: (1) Plaintiff asserts Dr. E. Horowitz was deliberately indifferent to Plaintiff's medical needs by discharging him from the hospital, placing him in a holding cell for four to five hours, where Plaintiff had to lay on a concrete floor with a concussed head and without pain killers or medical help. Plaintiff further contends that he had a seizure on July 4, 2014, and Dr. Horowitz was deliberately indifferent to his medical needs by directing the nurse to keep him in his cell until Dr. Horowitz returned two days later. Further, Plaintiff charges that (2) Dr. E. Horowitz denied him access to a cane or walker for three years and has declined to further treat Plaintiff for the past three years. Plaintiff contends this delay and denial of treatment constitutes deliberate indifference to his serious medical needs. [. . .]

ECF No. 16, pg. 2.

On February 12, 2020, defendant submitted this motion to dismiss plaintiff's complaint, arguing that plaintiff's claims are barred by the doctrine of res judicata. See ECF No. 26. On March 2, 2020, plaintiff submitted a response to defendant's motion to dismiss. See ECF No. 29. On March 5, 2020, defendant submitted a reply to plaintiff's response. See ECF No. 30. The Court now reviews defendant's motion to dismiss.

/ / /

/ / /

/ / /

/ / /

---

[1]     This action proceeds solely on plaintiff's Eighth Amendment claims against defendant E. Horowitz. See ECF No. 14 (screening order); see also ECF No. 16 (screening F&Rs).

1

**STANDARD OF REVIEW**

2          In considering a motion to dismiss, the Court must accept all allegations of

3   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

4   Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

5   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

6   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

7   ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

8   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

9   factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

10   In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

11   See Haines v. Kerner, 404 U.S. 519, 520 (1972).

12          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

13   of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

14   notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly,

15   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

16   to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

17   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

18   allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The

19   complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at

20   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

21   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

22   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

23   it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting

24   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

25   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

26   to relief."  Id. (quoting Twombly, 550 U.S. at 557).

27          In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

28   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

1   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

2   documents whose contents are alleged in or attached to the complaint and whose authenticity no

3   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

4   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

5   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

6   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

7   1994).

8           Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

9   amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

10  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

11

12                              **DISCUSSION**

13          Defendant argues that plaintiff's claims against defendant Horowitz have been

14  previously raised and are thus barred by res judicata. The Court agrees with defendant as regards

15  plaintiff's medical indifference claim associated with his 2014 concussion. However, the Court

16  disagrees that plaintiff's claim of medical indifference for failure to provide a cane/walker and

17  additional care is barred by res judicata.

18          Two related doctrines of preclusion are grouped under the term "res judicata."  See

19  Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008).  One of these doctrines – claim

20  preclusion – forecloses "successive litigation of the very same claim, whether or not relitigation

21  of the claim raises the same issues as the earlier suit."  Id.  Stated another way, "[c]laim

22  preclusion. . . bars any subsequent suit on claims that were raised or could have been raised in a

23  prior action."  Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009).

24  "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata

25  finding if the claims could have been brought in the earlier action."  Stewart v. U.S. Bancorp, 297

26  F.3d 953, 956 (9th Cir. 2002).  Thus, claim preclusion prevents a plaintiff from later presenting

27  any legal theories arising from the "same transactional nucleus of facts."  Hells Canyon

28  Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

1    The party seeking to apply claim preclusion bears the burden of establishing the

2   following: (1) an identity of claims; (2) the existence of a final judgment on the merits; and (3)

3   identity or privity of the parties.  See Cell Therapeutics, 586 F.3d at 1212; see also  Headwaters,

4   Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005).  Determining whether there is an

5   identity of claims involves consideration of four factors: (1) whether the two suits arise out of the

6   same transactional nucleus of facts; (2) whether rights or interests established in the prior

7   judgment would be destroyed or impaired by prosecution of the second action; (3) whether the

8   two suits involve infringement of the same right; and (4) whether substantially the same evidence

9   is presented in the two actions.  See ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960,

10   968 (9th Cir. 2010).  Reliance on the first factor is especially appropriate because the factor is

11   "outcome determinative."  Id. (quoting Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987

12   (9th Cir. 2005)).  As to privity of the parties, "privity . . . [arises] from a limited number of legal

13   relationships in which two parties have identical or transferred rights with respect to a particular

14   legal interest."  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005).

15    Here, defendant argues that plaintiff's claims against him are barred by the

16   doctrine of res judicata. According to defendant, plaintiff has attempted, and failed, to litigate

17   identical claims against Dr. Horowitz on two previous occasions. Specifically:

18
19
20
21
22
23
> In 2016, Plaintiff sued Dr. Horowitz for the same June 2014 medical
> deliberate-indifference that he is reliant upon in the instant case. Indeed, in
> Sekona v. Holowitz, 2:16-cv-00608-CKD (Holowitz), Plaintiff claimed
> Dr. Horowitz failed to treat a concussion and CTE following a June 27,
> 2014 excessive-force incident at Mule Creek State Prison. (Def.'s RJN,
> Ex. A at 3, 5.) Plaintiff also claimed that he was deprived of medical
> accommodations, including a disability vest and medication, following
> this incident. (Id. at 5.) As a result, Plaintiff claimed that he suffered from
> depression, anxiety, and other maladies. (Id.) The Magistrate Judge
> determined that Plaintiff failed to state a claim, but afforded Plaintiff leave
> to amend. (Id. at 12.) Plaintiff failed to timely amend his complaint.

24
25
26
27
28
> If once was not enough, Plaintiff subsequently filed suit against Dr.
> Horowitz for the same 2014 violations in Sekona v. Hernandez, No. 2:17-
> cv-0346-KJM-EFB (Hernandez). (Def.'s RJN, Ex. B at 7.) There, Plaintiff
> generally claimed that Defendant Horowitz denied Plaintiff a vest and
> cane, and denied other treatments beginning in April 2014. (Id.) He also
> claimed that he was assaulted on June 27, 2014, and suffered from CTE,
> leading to a six-day stay at UC Davis Hospital. (Id.) Upon return to his
> institution, Plaintiff claimed that Dr. Horowitz was unavailable during the
> July fourth weekend and as a result failed to meet his treatment needs as

he suffered from an alleged concussion. (Id.) And again, the complaint was dismissed for failure to state a claim. (Id. at 27.) Plaintiff amended the complaint in that action, but abandoned claims against Dr. Horowitz, as the second screening order found claims cognizable against other defendants. (Id. at 36.) When two suits arise from the same nucleus of facts, the identity of claims element has been met. See Tahoe Sierra Preservation Council, Inc., 322 F.3d at 1078.

ECF No. 26-1, pgs. 3-4.

i.    Identity of Claims

There is clearly an identity of claims between the current action and plaintiff's two previous suits against defendant Horowitz. However, the Court acknowledges that plaintiff does not make one overarching claim of medical indifference but instead establishes two distinct claims, one related to treatment of his concussion and one related to the provision of ambulatory equipment. As in the present case, in Sekona v. Holowitz, 2:16-cv-00608-CKD (Holowitz), plaintiff claimed that Dr. Horowitz[2] failed to adequately treat plaintiff's concussion after he suffered an assault at Mule Creek State Prison on June 2014. See Sekona v. Holowitz, 2:16-cv-00608-CKD, ECF No. 7, pg. 3. Also, in Sekona v. Hernandez, No. 2:17-cv-0346-KJM-EFB (Hernandez), plaintiff, as in the present case, alleged that, around 2014, Dr. Horowitz denied plaintiff a vest, a cane, and access to proper medical case. See Sekona v. Hernandez, No. 2:17-cv-0346-KJM-EFB, ECF No. 14, pg. 3.

ii.    Final Judgement on the Merits

The Court finds that the dismissal in Holowitz may be considered a final judgment on the merits as regards plaintiff's medical indifference claim related to his concussion. Claims brought under § 1983 are subject to claim preclusion bars. See Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007).  In Holowitz, the Magistrate Judge determined that plaintiff failed to state a claim against Horowitz, but afforded plaintiff leave to amend. However, plaintiff failed to timely amend his complaint and the case was ultimately dismissed pursuant to Federal Rule of Civil Procedure 41(b). Under FRCP 41(b), "[u]nless the dismissal order states otherwise, a

---

[2]    In Sekona v. Holowitz, 2:16-cv-00608-CKD, plaintiff refers to defendant. Dr. Horowitz as "Dr. Holowitz." However, plaintiff acknowledges that this was a spelling error on his part. See ECF No. 29, pg. 3.

1   dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of

2   jurisdiction, improper venue, or failure to join a party under Rule 19—**operates as an**

3   **adjudication on the merits**." (bold added). Therefore, Holowitz may be considered to have

4   reached final judgment on the merits for the purposes of claim preclusion.

5          However, the Court does not find that Hernandez reached final judgement on the

6   merits, such that plaintiff's medical indifference claim relating to his cane/walker is barred.

7   Defendant argues that it is well established that a dismissal for failure to state a claim under

8   Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits to which res judicata

9   applies. See ECF No. 26-1, pg. 4; citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3

10  (1981). However, the Court recognizes that neither of the two prior suits against defendant

11  Horowitz were resolved via a 12(b)(6) motion. There is precedent within the Eastern District of

12  California that dismissal for failure to state a claim at the screening stage of § 1983 prisoner

13  actions may qualify as "judgment on the merits." See Evans v. Beck, No. 1:12-CV-00284-AWI-

14  MJS (PC), 2012 U.S. Dist. LEXIS 105245, at *5-8 (E.D. Cal. July 27, 2012) (§ 1983 prisoner

15  action relying on previous screening dismissal for the assertion that the present claim was

16  previously decided on the merits and thus barred under res judicata.). However, in Evans, the

17  screening dismissal upon which the Court relied on was an order dismissing the case without

18  leave to amend, unlike Hernandez, which was dismissed with leave to amend. Id.; referencing

19  Anthony Ray Evans v. Gonzales, E.D. Cal. Case No. 1:10-cv-01680-DLB PC.

20         In Hernandez, plaintiff's original complaint was dismissed without prejudice

21  because plaintiff's claims: (1) were too vague and conclusory to state a cognizable claim, and (2)

22  improperly joined unrelated claims and defendants in a single lawsuit. As such, amendment in

23  Hernandez necessitated proceeding with certain claims and defendants and abandoning others in

24  that particular action. Therefore, plaintiff's medical indifference claims against Horowitz in

25  Hernandez were not adjudicated on the merits, and there is legitimate reason to suspect that they

26  could not have been raised in that case without violating that Court's dismissal order. To the

27  extent defendant disagrees with this assessment, the burden of establishing res judicata rests on

28  the party asserting claim preclusion and defendant provides no convincing argument to the

1    contrary. Therefore, plaintiff's medical indifference claim relating to the deprivation of a

2    cane/walker and subsequent medical care is not barred by the doctrine of res judicata.

3                iii.    <u>Privity</u>

4                Third, the privity element is clearly met as to the concussion claim. Both <u>Holowitz</u>

5    and the present action against defendant Horowitz arise as challenges to the 2014 medical

6    decisions by Dr. Horowitz at Mule Creek State Prison following an excessive-force incident.

7

8                                      **CONCLUSION**

9                Based on the foregoing, the undersigned recommends that:

10              1.       Defendant's motion to dismiss (ECF No. 26) be granted in part and denied

11    in part;

12              2.       Plaintiff's first claim of medical indifference relating to his 2014

13    concussion be dismissed with prejudice; and

14              3.       This action be allowed to proceed solely on the second claim that Dr. E.

15    Horowitz denied plaintiff access to a cane or walker and further medical treatment.

16                These findings and recommendations are submitted to the United States District

17    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

18    after being served with these findings and recommendations, any party may file written

19    objections with the court.  Responses to objections shall be filed within 14 days after service of

20    objections.  Failure to file objections within the specified time may waive the right to appeal.  <u>See</u>

21    <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22

23    Dated:  August 31, 2020

24                                                  DENNIS M. COTA

25                                                  UNITED STATES MAGISTRATE JUDGE

26

27

28