IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>        Plaintiff,<br><br>    v.<br><br>E. HOROWITZ,<br><br>        Defendant. | No.  2:17-CV-02479-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendant's motion for summary judgment, ECF No. 38, Plaintiff's opposition, ECF No. 40, and Defendant's reply, ECF No. 41.  Defendant argues that Plaintiff's claim of deliberate indifference is barred by res judicata, and that there is no genuine dispute about whether Defendant was deliberately indifferent to Plaintiff's serious medical needs.  ECF No. 38 at 4-8.  In addition, Defendant contends that she is entitled to qualified immunity.  Id. at 12-14.  The undersigned agrees that there is no genuine dispute about whether Defendant was deliberately indifferent and thus recommends that Defendant's motion for summary judgment be granted.

/ / /

/ / /

/ / /

1

## I. PROCEDURAL HISTORY

Plaintiff commenced this civil rights action on November 20, 2017. See ECF No. 1. Plaintiff's claims are premised on the medical treatment he received from Defendant after he was assaulted by his cellmate in 2014. ECF No. 1 at 2-5. In this action, Plaintiff alleges that Defendant violated his Eighth Amendment right against cruel and unusual punishment by denying him proper medical treatment and delaying subsequent medical treatment.

This Court previously screened Plaintiff's complaint and identified two claims.[1] ECF No. 16. First, Plaintiff alleges that Defendant was deliberately indifferent when she discharged him from the hospital and placed him in a holding cell where he laid on a concrete floor with a concussed head and without pain killers or medical help. ECF No. 1. Plaintiff also contends that Defendant kept him in his cell when he had a seizure without checking on him for two days. Id. Second, Plaintiff alleges Defendant denied him a cane or walker and declined to treat him for three years. Id.

Defendant subsequently moved to dismiss Plaintiff's complaint, arguing that Plaintiff's claims were barred by res judicata, which Plaintiff opposed. The Court agreed that Sekona v. Holowitz, 2:16-cv-00608-CKD, a case dealing with Plaintiff's concussion and other related medical events, was a final judgment on the merits, and thus barred Plaintiff's first claim in this case. ECF No. 31 at 6-7. However, it also found that Sekona v. Hernandez, No. 2:17-cv-0346-KJM-EFB, a case dealing with Plaintiff's claim regarding ambulatory equipment and subsequent medical care, was not adjudicated on the merits, and thus did not bar Plaintiff's second claim in this case. Id. The Court granted in part and denied in part Defendant's motion.

///
///
///
///

---

[1] The Court dismissed Defendants Joe A. Lizarraga, Medical Receiver, and C.C. Healthcare Services because Plaintiff did not file an amended complaint alleging facts related to them. ECF Nos. 14 & 18.

In the instant motion, Defendant moves for summary judgment on Plaintiff's sole remaining claim: Defendant's denial of Plaintiff's cane or walker and subsequent medical treatment.[2] ECF No. 38.

## II.  THE PARTIES' EVIDENCE

### A.  **Defendant's Evidence**

Defendant's motion for summary judgment is supported by declarations of Defendant, ECF No. 38-5, and Derrek Lee, a Deputy Attorney General employed by the Office of the Attorney General for the State of California and Defendant's counsel, ECF No. 38-4. Defendant also submitted a Statement of Undisputed Facts, ECF No. 38-3, contending the following facts are undisputed:

> 1.  Inmate Etuate Sekona (AM 9766) filed his Complaint on November 20, 2017.  Pl.'s Compl., ECF No. 1 at 4.
>
> 2.  At all times relevant to the allegations in the complaint, Sekona was housed at Mule Creek State Prison.  Pl.'s Compl., ECF No. 1 at 8.
>
> 3.  Defendant Dr. Horowitz was a medical doctor at Mule Creek State Prison at all times relevant to the allegations in Plaintiff's. Horowitz Decl. ¶ 2.
>
> 4.  Sekona previously filed a lawsuit against Defendant Horowitz [regarding the medical treatment and accommodations allotted by Defendant Horowitz from June 2, 2014].  Sekona v. Horowitz, E.D. Cal. Case Number 2:16-CV-0608-CKE.  Part of the lawsuit regarded the provision of a cane and mobility vest.  The case was dismissed for failure to state a claim.  Decl. of D. Lee, Ex. A at 2-4; Decl. of D. Lee, Ex. B, at 1-2.
>
> 5.  On June 27, 2014, at approximately 1614 hours, Inmate Sekona was found to be assaulted by his cellmate.  Evaluations were completed and found that inmate Sekona sustained four loose teeth that were knocked out, bilateral nasal fractures, and a scalp laceration. Horowitz Decl. ¶ 4.

---

[2] To the extent Plaintiff alleges in his opposition that Defendant racially discriminated and retaliated against him, ECF No. 40, the Court will not entertain this new claim at this stage in the proceeding.  Ziptronix, Inc. v. Omnivision Techs., Inc., 71 F. Supp. 3d 1090, 1099 (N.D. Cal. 2014) ("A plaintiff cannot raise a claim for the first time in response to a motion for summary judgment.").

3

     6.     Sekona is not formally educated in the medical field. Decl. of D. Lee, Ex. B, at 13.

     7. Sekona received a CT scan on June 29, 2014. Horowitz Decl. ¶ 6.

     8.     On July 7, 2014, Sekona expressed to Defendant Horowitz that he wanted a cane. At this appointment, Sekona demonstrated an ability to get up and down from the table normally, and walked without any indication of dizziness, imbalance, or asymmetry. Based on Dr. Horowitz examination and training, Plaintiff did not exhibit any symptoms that made a cane a medical necessity. Horowitz Decl. ¶ 8; Decl. of D. Lee, Ex. C at 6.

     9.     On July 21, 2014, Defendant Horowitz evaluated Sekona and recommended a neurology consult. At this visit, Defendant Horowitz also recommended an MRI to help evaluate Sekona's complaints regarding head injury and anxiety. Horowitz Decl. ¶ 6; Horowitz Decl. ¶ 9; Decl. of D. Lee, Ex. C at 7.

     10.     At the July 21, 2014 visit, Sekona sat, stood, got up and down from the exam table, and was able to walk away without any indication of dizziness, imbalance, or asymmetry. Decl. of D. Lee, Ex. C at 7.

     11.     Sekona received an MRI on August 4, 2014. Horowitz Decl. ¶ 6.

     12.     By July 2015, inmate Sekona received an additional neurological consult, addressing Sekona's complaints of headaches and dizziness. Horowitz Decl. ¶ 11.

     13.     On July 22, 2015, Sekona demonstrated an ability to sit, stand, and get up and down from a chair. Sekona also did not demonstrate any indication of dizziness, imbalance, or discomfort. Horowitz Decl. ¶ 11; Decl. of D. Lee, Ex. C at 8.

     14.     Sekona possessed a Comprehensive Accommodation Chrono that afforded ground floor housing, bottom-bunk housing, and physical limitations to job assignments. Horowitz Decl. ¶ 13.

     15.     Based on Dr. Horowitz's examinations and review of relevant medical records, at no time during Dr. Horowitz's examinations did she observe any conditions or symptoms to suggest that a cane was a medical necessity. Horowitz Decl. ¶ 14.

ECF No. 38-3.

///

///

///

///

B. **Plaintiff's Evidence**

In response to Defendant's Statement of Undisputed Facts, Plaintiff filed a Statement of Disputed Facts asserting genuine issues of disputed fact. See ECF No. 40. In support of his opposition, Plaintiff offers his own declaration signed under penalty of perjury, see id. at 14-15, as well as the following exhibits:

| | | |
|---|---|---|
| Exhibit A-1 | Order dismissing Plaintiff's case Sekona v. Holowitz, No. 2:16-cv-0608-CKD (P), id. at 17. |
| Exhibit A-2 | Defendant's declaration, id. at 18-22. |
| Exhibit A-3 | Drs. Smith and Heatley's outpatient health record for Plaintiff, id. at 23. |
| Exhibit A-4 | Crime/incident report regarding Plaintiff's assault, id. at 24-25. |
| Exhibit A-5 | Photos of Plaintiff's injuries, id. at 26. |
| Exhibit A-6 | Plaintiff's primary care provider progress note, where Plaintiff requests a cane, id. at 27. |
| Exhibit A-7 | Plaintiff's primary care provider progress note about Plaintiff's injuries arising out of the assault, id. at 28. |
| Exhibit A-8 | California correctional healthcare services exam report, id. at 29. |
| Exhibit A-9 | Plaintiff's primary care provider progress note about Plaintiff's injuries arising out of the assault, id. at 30. |
| Exhibit A-10 | Plaintiff's health care services request form, 5/24/15, id. at 31. |
| Exhibit A-11 | Interdisciplinary progress IDTT summary, id. at 32. |
| Exhibit A-12 | Plaintiff's health care services request form, 5/11/14, id. at 33. |
| Exhibit A-13 | Plaintiff's 602 prison grievance, id. at 34-35. |
| Exhibit A-14 | Plaintiff's health care services request form, 7/8/14, id. at 36. |
| Exhibit A-15 | Plaintiff's discharge instructions, id. at 37. |
| Exhibit A-17 | Plaintiff's inmate summary report, indicting his placement and disabilities, id. at 38. |
| Exhibit A-18 | Plaintiff's 602 prison health care grievance, staff portion, id. at 39. |
| Exhibit A-19 | Plaintiff's 602 prison health care grievance, regarding his assault, id. at 40. |
| Exhibit A-20 | Plaintiff's 602 prison health care grievance, regarding Defendant's treatment of him, id. at 41. |

Exhibit A-23   Plaintiff's medical report of injury or unusual occurrence, id. at 42.

Exhibit A-24   Plaintiff's patient discharge instructions and 602 prison health care grievance, regarding use of a wheelchair, id. at 43-44.

Exhibit A-25   Email from Johnson regarding huddle discussion, id. at 45.

Because Plaintiff is pro se, the Court "must consider as evidence in his opposition to summary judgment all of [the] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004). Therefore, the Court will also consider as evidence the factual assertions made in Plaintiff's complaint, which is verified.

### III. STANDARD FOR SUMMARY JUDGEMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

///

///

6

1       If the moving party meets its initial responsibility, the burden then shifts to the
2  opposing party to establish that a genuine issue as to any material fact actually does exist.  See
3  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to
4  establish the existence of this factual dispute, the opposing party may not rely upon the
5  allegations or denials of its pleadings but is required to tender evidence of specific facts in the
6  form of affidavits, and/or admissible discovery material, in support of its contention that the
7  dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The
8  opposing party must demonstrate that the fact in contention is material, i.e., a fact that might
9  affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S.
10 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th
11 Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
12 return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436
13 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than
14 simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record
15 taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no
16 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the
17 claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions
18 of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.
19      In resolving the summary judgment motion, the Court examines the pleadings,
20 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.
21 See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson,
22 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the
23 court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.
24 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
25 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
26 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
27 1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the
28 judge, not whether there is literally no evidence, but whether there is any upon which a jury could

properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

## IV. DISUCSSION

Plaintiff alleges that Defendant violated his Eight Amendment rights when she denied his request for a cane or walker and subsequent medical treatment. Defendant argues that: (1) Plaintiff's claim is barred by res judicata; (2) she was not deliberately indifferent to Plaintiff's serious medical needs; and (3) she is entitled to qualified immunity. ECF No. 38-2. The Court agrees that Defendant was not deliberately indifferent to Plaintiff's serious medical needs and thus recommends granting Defendant's motion.[3]

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

///

///

---

[3] Because the evidence shows that Defendant is entitled to summary judgment on the merits, the Court declines to address res judicata or qualified immunity.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. Cnty. of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint, 801 F.2d at 1111. Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The Court finds Defendant has met her initial summary judgment burden of demonstrating the absence of triable issues of fact arising from Plaintiff's allegations of deliberate indifference in violation of his Eighth Amendment rights.

The declarations presented by Defendant demonstrate that Defendant treated Plaintiff and that Plaintiff does not, in fact, need a cane. The record indicates that Defendant saw and treated Plaintiff several times. Defendant provided progress reports from her visits with Plaintiff on July 7, 2014, July 21, 2014, and July 22, 2015. ECF No. 38-4 at 27-29. In each report, Defendant wrote out a treatment plan for Defendant. Id. These plans including referring him to other medical specialist, continuing his current medication, and advising him about alternative treatments. Id. In addition, Defendant recommended that Plaintiff have an MRI and a neurology consult, both of which he received. Id. As for the cane, Defendant observed Plaintiff sit, stand, and get up from a chair without use of a cane several times. ECF No. 38-4 at 27-29. During her observations of Plaintiff, she did not see signs of dizziness, imbalance, or discomfort. Id. Moreover, after a neurology consult, medical staff did not recommend a cane or other ambulatory equipment for Plaintiff. ECF No. 38-5 at 3.

Plaintiff has not provided any competent evidence that Defendant did not treat him or that he actually needed a cane. Plaintiff's bare allegations that his treatment was inadequate are insufficient to preclude summary judgment. In fact, Plaintiff provided the same progress reports from his visits with Defendant, evidencing that she treated him. See Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."). Similarly, Plaintiff presents only his personal opinion that he needs a cane. "A difference of opinion between a physician and the prisoner—or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (1989)). Plaintiff's personal assertions that Defendant did not treat him and that he needs a cane do not rise to the level of deliberate indifference to serious medical needs.

///

///

///

### V.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion for summary judgment, ECF No. 38, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to the objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 27, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

11